UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN DAVIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>K. KELLEY, et al.,<br><br>　　　　Defendants. | No. 2:22-cv-0773 DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that he has received inadequate medical care in violation of his rights. Presently before the court is the second amended complaint for screening. (ECF No. 13.) For the reasons set forth below, the court will dismiss the amended complaint with leave to amend.

**SCREENING**

**I.   Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

////

granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Here, the defendants must act under color of federal law. Bivens, 403 U.S. at 389. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

1  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the
2  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
3  omits to perform an act which he is legally required to do that causes the deprivation of which
4  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

5  Moreover, supervisory personnel are generally not liable under § 1983 for the actions of
6  their employees under a theory of respondeat superior and, therefore, when a named defendant
7  holds a supervisorial position, the causal link between him and the claimed constitutional
8  violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);
9  Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations
10 concerning the involvement of official personnel in civil rights violations are not sufficient.  See
11 Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

### I. Allegations in the Amended Complaint

Plaintiff claims the events giving rise to the claim occurred while he was incarcerated at Mule Creek State Prison ("MCSP").  (ECF No. 13 at 4.)  He has identified the following defendants: (1) Dr. Kanwar Kelley, surgeon at MCSP; (2) Dr. M. Ashe, chief physician at MCSP; and (3) San Joaquin Medical Hospital.  (Id.)

Plaintiff states that on August 17, 2020, Dr. Kelley performed a surgical procedure that caused severe trauma to his nasal canal.  (Id. at 1.)  Plaintiff further alleges that "Dr. Kelley stated in his report 'that he made a mistake because he did not have enough room to work with.'"  (Id.)  Plaintiff states that "[a]t that stage of the surgery [he] should have been woken up and given the chance to agree or disagree with surgery."  (Id.)

Plaintiff claims Dr. Ashe, "exasperated the problem by conspiring with Dr. Kelley to cover up the botched surgical procedure.  He further alleges Dr. Ashe "intentionally interfered" with plaintiff's medical treatment "by not providing adequate medical care."  (Id. at 2.)

Plaintiff alleges Dr. Kelley's report to Dr. Ashe "made them aware of the botch[ed] surgery which made it medically unacceptable."  He alleges Dr. Ashe "denied, delayed and interfered with [plaintiff's] access to medical treatment" by failing to notify plaintiff "what had happened at the end of the surgery."  (Id.)

3

Dr. Ashe told plaintiff that "he will never be able to breath[e] right again and will [e]ndure pain for the rest of his life for a procedure that could have been avoided." (Id.) He further states Dr. Ashe "denied the complaint plaintiff filed knowing full well about the botched surgical procedure and did nothing as the chief medical officer to ease plaintiffs [sic] pain in a timely manner." (Id.)

Plaintiff further claims that "San Joaquin General Hospital were aware that plaintiff suffered a perforated septum at there [sic] facility and was the moving force that caused the alleged violation." He further states San Joaquin General Hospital employs "both of these Doctors the hospital was the moving force behind these doctors where the sergury [sic] took place and they both violated the hospital policy by not notifying plaintiff of the botch [sic] surgery that took place at the hospital in a timely manner." (Id. at 3.)

Plaintiff seeks declaratory relief and monetary damages. (Id. at 4-5.)

## II. Does Plaintiff State a Claim under § 1983?

### A. Legal Standards – Eighth Amendment

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

The deliberate indifference standard involves an objective and subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial

////

1  risk of harm and disregards that risk by failing to take reasonable measures to abate it.  Id. at 837-
2  45.
3       Where a prisoner's Eighth Amendment claim arises in the context of medical care, the
4  prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate
5  indifference to serious medical needs."  Estelle, 429 U.S. at 106.  An Eighth Amendment medical
6  claim has two elements: "the seriousness of the prisoner's medical need and the nature of the
7  defendant's response to that need."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992),
8  overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en
9  banc).
10      A medical need is serious "if the failure to treat the prisoner's condition could result in
11 further significant injury or the 'unnecessary and wanton infliction of pain.'"  McGuckin, 974
12 F.2d at 1059 (quoting Estelle, 429 U.S. at 104).  Indications of a serious medical need include
13 "the presence of a medical condition that significantly affects an individual's daily activities."  Id.
14 at 1059-60.  By establishing the existence of a serious medical need, a prisoner satisfies the
15 objective requirement for proving an Eighth Amendment violation.  Farmer v. Brennan, 511 U.S.
16 825, 834 (1994).
17      If a prisoner establishes the existence of a serious medical need, he must then show that
18 prisoner officials responded to the serious medical need with deliberate indifference.  See Farmer,
19 511 U.S. at 834.  In general, deliberate indifference may be shown when prison officials deny,
20 delay, or intentionally interfere with medical treatment, or may be shown by the way in which
21 prison officials provide medical care.  Hutchinson v. United States, 838 F.2d 390, 393-94 (9th
22 Cir. 1988).
23      Before it can be said that a prisoner's civil rights have been abridged with regard to
24 medical care, "the indifference to his medical needs must be substantial.  Mere 'indifference,'
25 'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter
26 Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06; see also
27 Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in
28 diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth

Amendment rights."); McGuckin, 974 F.2d at 1059 (same). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835.

Finally, mere differences of opinion between a prisoner and prison medical staff or between medical professionals as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim. See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) overruled in part on other grounds by Peralta v. Dillard, 744 F.3d 1076, 1083 (9th Cir. 2014) (en banc); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

**B. Analysis**

There is a distinction between common law negligence claims of improper medical care from claims predicated on violations of the Eighth Amendment's prohibition of cruel and unusual punishment. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.

Plaintiff has alleged that he had a negative outcome following a procedure performed by defendant Dr. Kelley. (ECF No. 13 at 1.) However, in order to state a deliberate indifference claim, plaintiff must show that the procedure was "medically unacceptable under the circumstances" and that Dr. Kelley chose it 'in conscious disregard of an excessive risk to plaintiff's health." Jackson, 90 F.3d at 332; Toguchi, 391 F.3d at 1058. That plaintiff had a bad outcome following the procedure or that Dr. Kelley made a mistake during the procedure is not sufficient to show that Dr. Kelley was deliberately indifferent. See Cunningham v. UCSF Spine Center, No. C-13-1978 EMC (pr), 2013 WL 5539311, at *3 (N.D. Cal. Oct. 8, 2013) ("That a surgery has potential complications or cannot be performed with guaranteed perfect results does not mean that a doctor who performs the surgery does so with deliberate indifference, or even negligence."); Torrey v. Lovett, No. 2:12-cv-1457 JAM CKD P, 2013 WL 269043, at *2 (E.D. Cal. Jan. 23, 2013) (plaintiff's allegation that his knee surgery was "botched" was "exactly the kind of negligence claim that is not cognizable under § 1983").

////

Plaintiff has alleged that Dr. Kelley should have stopped the procedure to obtain plaintiff's consent when he realized he did not have enough room to conduct the procedure. However, "[t]o infer deliberate indifference on the basis of a physician's treatment decision, the decision must be so far a field of accepted professional standards as to raise the inference that it was not actually based on a medical judgment. Norfleet v. Webster, 439 F.3d 392, 396 (7th Cir. 2006) (internal citation omitted). In any amended complaint, plaintiff must state facts showing something more than a negative surgical outcome. Rather, plaintiff must show that Dr. Kelley's decision to continue the procedure was medically unacceptable under the circumstances.

Plaintiff claims that Dr. Ashe violated his rights to be free from cruel and unusual punishment because he "conspire[ed] with Dr. Kelley to cover up the botched surgical procedure and . . . intentionally interfered with plaintiff[']s medical trea[t]ment by not providing adequate care." (ECF No. 13 at 2.) Such an allegation is insufficient to show a violation of his rights under the Eighth Amendment. As set forth above, plaintiff must state facts showing that Dr. Ashe was involved in denying, delaying, or interfering in plaintiff's access to medical treatment or approved a course of treatment that was either medically unacceptable under the circumstances or taken in conscious disregard to plaintiff's health. As stated, his allegations are too conclusory to state a potentially cognizable claim.

To the extent plaintiff claims that his rights were violated because he was not told that the surgery was botched immediately, he must show that the delay in reporting the injury caused him some harm. Jett, 439 F.3d at 1096 (Plaintiff must demonstrate that the defendant's response to his serious medical need was deliberately indifferent which requires as showing that plaintiff suffered "harm caused the by the indifference."). The allegations in the complaint do not indicate whether plaintiff's condition was made worse by the delay. Moreover, it is not clear what action Dr. Ashe could have or should have taken once he learned that the surgery did not go according to plan. Dr. Ashe could be liable if there was some treatment that could have been provided to plaintiff. However, the allegations in the complaint are too conclusory to determine whether Dr. Ashe's actions amount to an Eighth Amendment violation.

////

Additionally, plaintiff has not alleged if, at the time he filed his grievance, what specific medical need Dr. Ashe could have resolved. See Brammer v. Yates, No. 1:07-cv-1350 GBC (PC), 2011 WL 5873393, at *5 (E.D. Cal. Nov. 22, 2011) ("[A] plaintiff may establish liability on the part of defendants involved in the administrative grievance process under the Eighth Amendment by alleging that his appeal put defendants on notice that he had a serious medical need that was not being met, and their denial, therefore, constituted deliberate indifference to his medical need."); Uriarte v. Schwarzenegger, No. 06cv1558 MMA (WMC), 2011 WL 4945231, at *6 (S.D. Cal. Oct. 18, 2011) ("[A] plaintiff may establish liability on the part of defendants involved in the administrative grievance process under the Eighth Amendment by alleging that his appeal put the defendants on notice that he had a serious medical need that was not being met, and that their denial therefore constituted deliberate indifference."). In any amended complaint, plaintiff should specify what, if any, medical need he sought to have addressed by Dr. Ashe.

Plaintiff has alleged that San Joaquin General Hospital should have been aware that he suffered a perforated septum because the surgery occurred at the hospital. San Joaquin General Hospital is a department of the county of San Joaquin. Linder v. Galang, No. 2:17-cv-0941 AC P, 2017 WL 5754589 (E.D. Cal. Nov. 28, 2017). In order to pursue a claim against a county entity, plaintiff must allege facts showing that a specific practice or policy of San Joaquin General Hospital was the "moving force" that caused the alleged violation of plaintiff's constitutional rights. City of Canton v. Harris, 489 U.S. 378, 389 (1989) (quoting Monell v. Dept. of Soc. Servs., 436 U.S. 658, 690 (1978) and Polk County v. Dodson, 454 U.S. 312, 326 (1981)). There must be "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." City of Canton, 489 U.S. at 385.

In the second amended complaint, plaintiff has stated that San Joaquin General Hospital was the moving force behind his injury because both doctors are employed there, and he was not notified that the surgery was botched in a timely manner. However, such conclusory allegations fail to show a policy that led to plaintiff's injury. Thus, plaintiff's allegations fail to show any policy or custom that caused the alleged violation of his rights. Accordingly, he has failed to allege a cognizable claim against San Joaquin General Hospital.

## AMENDING THE COMPLAINT

As set forth above, the amended complaint fails to state a claim. However, plaintiff may be able to state facts showing a violation of his Eighth Amendment rights. Accordingly, plaintiff will be granted one final opportunity to amend the complaint. Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded. Any amended complaint should contain all of the allegations related to his claim in this action. If plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended complaint.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to correct the case caption and defendant Kelley's name on the docket.
2. Plaintiff's second amended complaint (ECF No. 13) is dismissed with leave to amend.
3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned to this case and must be labeled "Third Amended Complaint."
4. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: December 20, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/davi0773.scrn3