1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JONATHAN DAVIS,                              No.  2:22-cv-0773 DB P

12                   Plaintiff,

13         v.                                      ORDER

14    K. KELLEY, et al.,

15                   Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

18    U.S.C. § 1983.  Plaintiff claims that he has received inadequate medical care in violation of his

19    rights.  Presently before the court is the third amended complaint for screening.  (ECF No. 17.)

20    For the reasons set forth below, the court will give plaintiff the option to proceed with the

21    complaint as screened or amend the complaint.

22                                        **SCREENING**

23    **I.      Legal Standards**

24          The court is required to screen complaints brought by prisoners seeking relief against a

25    governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

26    1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

27    that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

28    ////

                                              1

1    granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

2    U.S.C. § 1915A(b)(1) & (2).

3           A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

4    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

5    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

6    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

7    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

8    pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.

9    Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

10   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

11   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell

12   AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

13   (1957)).

14          However, in order to survive dismissal for failure to state a claim a complaint must

15   contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

16   factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

17   550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

18   allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

19   738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

20   doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

21          The Civil Rights Act under which this action was filed provides as follows:

22              Every person who, under color of [state law] . . . subjects, or causes
                to be subjected, any citizen of the United States . . . to the deprivation
23              of any rights, privileges, or immunities secured by the Constitution .
                . . shall be liable to the party injured in an action at law, suit in equity,
24              or other proper proceeding for redress.

25   42 U.S.C. § 1983.  Here, the defendants must act under color of federal law.  Bivens, 403 U.S. at

26   389.  The statute requires that there be an actual connection or link between the

27   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

28   Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

(1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## I.    Allegations in the Amended Complaint

Plaintiff claims the events giving rise to the claim occurred while he was incarcerated at Mule Creek State Prison ("MCSP").  (ECF No. 17 at 2.)  He has identified the following defendants: (1) Dr. K. Kelley, surgeon at MCSP; (2) Dr. M. Ashe, chief physician at MCSP; and (3) San Joaquin Medical Hospital.  (Id. at 2-3.)

Plaintiff states that on August 17, 2020, he had a surgical procedure, performed by Dr. Kelley that caused him to suffer a perforated septum.  (Id. at 3.)  He further states, Dr. Kelly "botched" the surgery because "Dr. Kelley 'NEW' [sic] that there was not enough room to work with but he disregarded that fact and continued to place the plaintiff in harm, he never once took measures to abate the harm that was caused, which violated plaintiffs [sic] eighth Amendment."  (Id. at 3-4.)  Plaintiff alleges that he "put defendants on notice that he had a serious medical need by filing an administrative grievance with Dr. Ashe."  (Id. at 4.)  He further states that because of the delay, his condition is now permanent.  He claims Dr. Ashe could have ordered ex-rays [sic] or an MRI and that there was a two-month delay before he was seen.

Plaintiff alleges that he "has never been notified by the [S]an [J]oaquin [G]eneral [H]ospital concerning the botched surgery only that his condition is permanent."  (Id.)  He states that San Joaquin General Hospital "has a policy in place for surgeries that are botched called a

3

1  M&M medical malpractice hearing," but he was never told about the policy and the hearing was

2  held in secret.  (Id.)

3      Plaintiff seeks declaratory relief and monetary damages.  (Id. at 7.)

4  **II.     Does Plaintiff State a Claim under § 1983?**

5      **A. Legal Standards – Eighth Amendment**

6      The Eighth Amendment prohibits the infliction of "cruel and unusual punishments."  U.S.

7  Const. amend. VIII.  The unnecessary and wanton infliction of pain constitutes cruel and unusual

8  punishment prohibited by the Eighth Amendment.  Whitley v. Albers, 475 U.S. 312, 319 (1986);

9  Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).

10  Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy

11  and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited

12  by the Cruel and Unusual Punishments Clause."  Whitley, 475 U.S. at 319.

13      The deliberate indifference standard involves an objective and subjective prong.  First, the

14  alleged deprivation must be, in objective terms, "sufficiently serious . . . ."  Farmer v. Brennan,

15  511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison

16  official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ."

17  Farmer, 511 U.S. at 837.  Thus, a prison official may be held liable under the Eighth Amendment

18  for denying humane conditions of confinement only if he knows that inmates face a substantial

19  risk of harm and disregards that risk by failing to take reasonable measures to abate it.  Id. at 837-

20  45.

21      Where a prisoner's Eighth Amendment claim arises in the context of medical care, the

22  prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate

23  indifference to serious medical needs."  Estelle, 429 U.S. at 106.  An Eighth Amendment medical

24  claim has two elements: "the seriousness of the prisoner's medical need and the nature of the

25  defendant's response to that need."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992),

26  overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en

27  banc).

28  ////

4

1    A medical need is serious "if the failure to treat the prisoner's condition could result in

2    further significant injury or the 'unnecessary and wanton infliction of pain.'"  McGuckin, 974

3    F.2d at 1059 (quoting Estelle, 429 U.S. at 104).  Indications of a serious medical need include

4    "the presence of a medical condition that significantly affects an individual's daily activities."  Id.

5    at 1059-60.  By establishing the existence of a serious medical need, a prisoner satisfies the

6    objective requirement for proving an Eighth Amendment violation.  Farmer v. Brennan, 511 U.S.

7    825, 834 (1994).

8    If a prisoner establishes the existence of a serious medical need, he must then show that

9    prisoner officials responded to the serious medical need with deliberate indifference.  See Farmer,

10   511 U.S. at 834.  In general, deliberate indifference may be shown when prison officials deny,

11   delay, or intentionally interfere with medical treatment, or may be shown by the way in which

12   prison officials provide medical care.  Hutchinson v. United States, 838 F.2d 390, 393-94 (9th

13   Cir. 1988).

14   Before it can be said that a prisoner's civil rights have been abridged with regard to

15   medical care, "the indifference to his medical needs must be substantial.  Mere 'indifference,'

16   'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter

17   Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also

18   Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in

19   diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth

20   Amendment rights."); McGuckin, 974 F.2d at 1059 (same).  Deliberate indifference is "a state of

21   mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for

22   the prisoner's interests or safety.'"  Farmer, 511 U.S. at 835.

23   Finally, mere differences of opinion between a prisoner and prison medical staff or

24   between medical professionals as to the proper course of treatment for a medical condition do not

25   give rise to a § 1983 claim.  See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330,

26   332 (9th Cir. 1996) overruled in part on other grounds by Peralta v. Dillard, 744 F.3d 1076, 1083

27   (9th Cir. 2014) (en banc); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon,

28   662 F.2d 1337, 1344 (9th Cir. 1981).

### B.   Analysis

#### 1.   Dr. Kelley

Plaintiff has alleged that Dr. Kelley violated his right to adequate medical care because he knew he did not have enough room to work with but performed a surgical procedure that caused plaintiff to suffer a perforated septum.  (ECF No. 17 at 3.)  The undersigned finds such allegations minimally sufficient to state a potentially cognizable deliberate indifference claim. Farmer, 511 U.S. at 847 (a defendant is liable if he knows plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.").

#### 2.   Dr. Ashe

Plaintiff has alleged that Dr. Ashe was notified about plaintiff's condition when he filed an administrative grievance.  (ECF No. 17 at 4.)  Plaintiff further states that Dr. Ashe did not take action that could have helped plaintiff with the severe pain caused by the procedure such as ordering x-rays or a MRI.  (Id.)  The undersigned finds such allegations minimally sufficient to state a potentially cognizable deliberate indifference claim against Dr. Ashe.  See Uriarte v. Schwarzenegger, No. 06-cv-1558-MMA-WMC, 2011 WL 4945232, at *6 (S.D. Cal. Oct. 18, 2011) ("[A] plaintiff may establish liability on the part of defendants involved in the administrative grievance process under the Eighth Amendment by alleging that his appeal put the defendants on notice that he had a serious medical need that was not being met, and that their denial therefore constituted deliberate indifference."); see also Rich v. Stratton, No. 2:17-cv-0432 DB P, 2019 WL 2339533, at *5 (E.D. Cal. June 3, 2019) (holding defendants' "refusal to refer [plaintiff] for an x-ray or an MRI does suggest deliberate indifference as it shows that they failed to act despite knowledge of a substantial risk of harm.")

#### 3.   San Joaquin General Hospital

As previously stated, in order to pursue a claim against a county entity, plaintiff must allege facts showing that a specific practice or policy of San Joaquin General Hospital was the "moving force" that caused the alleged violation of plaintiff's constitutional rights.  City of Canton v. Harris, 489 U.S. 378, 389 (1989) (quoting Monell v. Dept. of Soc. Servs., 436 U.S. 658, 690 (1978) and Polk County v. Dodson, 454 U.S. 312, 326 (1981)).  There must be "a direct

1   causal link between a municipal policy or custom and the alleged constitutional deprivation."

2   City of Canton, 489 U.S. at 385.

3          Plaintiff has alleged that San Joaquin General Hospital violated his rights because the

4   hospital has a policy that requires the hospital to hold a hearing for surgeries that are "botched,"

5   and the hearing concerning Dr. Kelley was held in secret.  (ECF No. 17 at 4.)  Such allegations

6   fail to connect the hospital's failure to include plaintiff in the hearing to plaintiff's injury.

7   Accordingly, such allegations fail to state a potentially cognizable claim against the hospital.

8          The undersigned will give plaintiff the option to proceed immediately with his claims

9   against Drs. Kelley and Ashe, voluntarily dismissing any potential claim against San Joaquin

10  General Hospital, or filing an amended complaint.  However, plaintiff is cautioned that he has

11  now been notified of deficiencies in his claim against San Joaquin General Hospital on at least

12  two occasions.  Where a plaintiff has been notified of the deficiencies, but fails to correct them in

13  a subsequent complaint, a court may infer that plaintiff has no additional facts to plead and

14  dismiss the claim without leave to amend.  Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981,

15  988, 1007 (9th Cir. 2009) (internal quotation marks omitted) (upholding dismissal of complaint

16  with prejudice when there were "three iterations of [the] allegations – none of which, according to

17  [the district] court, was sufficient to survive a motion to dismiss").  Accordingly, should plaintiff

18  opt to amend the complaint in an attempt to state a claim against San Joaquin General Hospital,

19  he is advised that failure to allege facts sufficient to state a claim will result in a recommendation

20  that such claims be dismissed without leave to amend.  Additionally, any amended complaint

21  must also include sufficient allegations to state a claim against Drs. Kelley and Ashe because an

22  amended complaint supersedes any prior pleading.

23                          **AMENDING THE COMPLAINT**

24         As set forth above, the amended complaint states potentially cognizable claims against

25  Drs. Kelley and Ashe, but fails to state a claim against San Joaquin General Hospital.

26  Accordingly, plaintiff will be given the option to proceed immediately with his claims against

27  Drs. Kelley and Ashe or amend the complaint. Plaintiff is advised that in an amended complaint

28  he must clearly identify each defendant and the action that defendant took that violated his

7

constitutional rights.  The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant.  The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in support of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading.  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, all prior pleadings are superseded.  Any amended complaint should contain all of the allegations related to his claim in this action.  If plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended complaint.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. The third amended complaint (ECF No. 17) states potentially cognizable deliberate indifference claims against Drs. Kelley and Ashe as set forth in Section III above.  The complaint does not state any additional claims.  Accordingly, plaintiff will have the option of proceeding with the complaint as screened or filing an amended complaint.

2. Within thirty (30) days of the date of this order, plaintiff shall fill out and return the attached form indicating how he would like to proceed in this action.

3. Plaintiff is warned that failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  March 24, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/davi0773.scrn4 opt

1
2
3
4
5
6                           UNITED STATES DISTRICT COURT

7                      FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9   JONATHAN DAVIS,                         No.  2:22-cv-0773 DB P

10                 Plaintiff,

11          v.                              PLAINTIFF'S NOTICE ON HOW TO
                                            PROCEED
12   K. KELLEY, et al.,

13                 Defendants.

14  Check one:

15

16  _____    Plaintiff wants to proceed immediately on his deliberate indifference claims against

17          defendant Drs. Kelley and Ashe.  Plaintiff understands that by going forward without

18          amending the complaint he is voluntarily dismissing all other claims.

19

20  _____    Plaintiff wants to amend the complaint.

21

22  DATED:_____

23

24                                          _____
                                            Jonathan Davis
25                                          Plaintiff pro se

26

27

28

                                    10