UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN DAVIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>K. KELLEY, et al.,<br><br>　　　　Defendants. | No. 2:22-cv-0773 DB P<br><br><br>ORDER |

　　　Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that he has received inadequate medical care in violation of his rights. By order dated March 27, 2023, the undersigned screened plaintiff's third amended complaint. (ECF No. 18.) Therein, the undersigned determined plaintiff stated a potentially cognizable deliberate indifference claim against defendant Drs. Kelley and Ashe, but did not contain any additional claims. (Id. at 6-7.) Plaintiff was given the option to proceed immediately or to file an amended complaint. (Id. at 7-9.)

　　　Plaintiff has responded by filing a motion for a sixty-day extension of time to file an amended complaint (ECF No. 19), a request for subpoenas (ECF No. 20), a motion to amend (ECF No. 21), and has returned a notice of election indicating that he would like to file an amended complaint (ECF No. 22). For the reasons set forth below, the undersigned will grant the

////

motions for an extension of time and to amend the complaint, and deny the request for subpoenas without prejudice.

### I.  Motion for an Extension of Time

In response to the undersigned's March 27, 2023, screening order, plaintiff sought a sixty-day extension of time to file an amended complaint. (ECF No. 19.) Therein, plaintiff argues that additional time is necessary because he has been trying to identify "JOHN DOE actors at San Joaquin General Hospital that have given to [sic] rise to [his] potential claims against them, yet the JOHN DOE bad-actors refuse to cooperate with Plaintiff." (Id. at 1.) Good cause appearing the court will grant the motion. However, plaintiff is cautioned that he additional requests for extensions of time may be scrutinized because plaintiff has had several previous opportunities to file a complaint stating cognizable claims.

### II.  Motion to Amend

Plaintiff filed a motion to amend the complaint concurrently with his completed notice of election form indicating that he intends to file an amended complaint. (ECF No. 21.) The court previously advised that plaintiff would be given the option to proceed with the complaint as screened or file an amended complaint. (ECF No. 18 at 7.) Accordingly, the court will grant the motion to amend and direct plaintiff to file an amended complaint.

### III.  Request for Subpoenas

Plaintiff requests the court issue plaintiff two separate subpoenas, so that he may conduct pre-screening discovery necessary to determine the identities of five John Doe defendants. (ECF No. 20.) Plaintiff's motion does not contain any further information regarding the requested subpoenas. A separate filing states that plaintiff seeks to identify "John Doe actors at San Joaquin General Hospital that have given to [sic] rise to [his] potential claims against them, yet the John Doe bad-actors refuse to cooperate . . . ." (ECF No. 19 at 1.)

A subpoena duces tecum, served pursuant to Federal Rule of Civil Procedure 45(a)(2), directs a non-party to an action to produce documents or other tangible objects for inspection. Because plaintiff is proceeding in forma pauperis, he is entitled to obtain personal service of an authorized subpoena duces tecum by the United States Marshal. See 28 U.S.C. § 1915(d). This

court must consider the following matters before approving service of a proposed subpoena duces tecum. A subpoena must comply with the relevance standards set forth in Federal Rule of Civil Procedure 26(b)(1) ("[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case"), and considerations of burden and expense set forth in Federal Rules of Civil Procedure 26(b)(2)(C) and 45(d). The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (requiring indigent plaintiff to demonstrate that he had "made provision for the costs of such discovery"), citing Cantaline v. Raymark Industries, Inc., 103 F.R.D. 447, 450 (S.D. Fla. 1984); see also United States v. Columbia Broadcasting System, Inc., 666 F.2d 364 (9th Cir. 1982) (court may award costs of compliance with subpoena to non-party). Non-parties are "entitled to have the benefit of this Court's vigilance" in considering these factors. Badman, 139 F.R.D. at 605.

Additionally, courts in this district require that a motion requesting issuance of a subpoena duces tecum be supported by: (1) clear identification of the documents sought and from whom, and (2) a showing that the records are obtainable only through the identified third party. See e.g. Davis v. Ramen, No. 1:06-cv-1216 AWI SKO PC, 2010 WL 1948560, at *1 (E.D. Cal. May 11, 2010); Williams v. Adams, No. 1:05-cv-0124 AWI SMS PC, 2010 WL 148703, *1 (E.D. Cal. Jan. 13, 2010). The person to whom the subpoena is directed must be clearly and readily identifiable, with an accurate physical address to enable personal service of the subpoena. See Fed. R. Civ. P. 45(a)(1)(A)(iii).

Finally, pursuant to Rule 45(c)(2), a subpoena duces tecum commands the recipient to "produce" documents. Plaintiff is advised that he may be provided access to review documents but that if he wishes to have copies of the documents, he may be required to photocopy them at his own expense.

Plaintiff may be entitled to limited preliminary discovery to identify the names of John Doe defendants. Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). However, the instant request should be denied because there is no complaint pending before the court at this time and

the undersigned cannot determine whether the allegations against these individuals would state a cognizable claim. Id. Moreover, plaintiff has not provided any explanation of the identification of the information sought, from whom, or any showing that the information can only be obtained through a third party. Accordingly, this request will be denied without prejudice to its renewal.

### IV. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend (ECF No. 21) is granted.

2. Plaintiff's motion for an extension of time to file an amended complaint (ECF No. 19) is granted.

3. Plaintiff is granted sixty (60) from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned to this case and must be labeled "Fourth Amended Complaint."

4. Plaintiff's request for subpoenas (ECF No. 20) is denied without prejudice.

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: May 8, 2023

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/davi0773.amd