Jonathan Lynn Davis C-56630
Mule Creek State Prison
P.O. Box 409060 C-13 247
Ione, Ca.  95640
Plaintiff In Pro Per

# FILED

## AUG 1 1 2023

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
                    DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA
## SACRAMENTO DIVISION

JONATHAN LYNN DAVIS,
                    Plaintiff,



DR. KANWAR KELLEY, MD, SJGH, et al.,
                    Defendants.          /

Case No. 2:22-cv-0773-DB P

COMPLAINT FOR DECLARATORY
RELIEF AND MONETARY DAMAGES
42 U.S.C. §1983
CIVIL RIGHTS COMPLAINT
JURY TRIAL DEMANDED
FOURTH AMENDED COMPLAINT

JUDGE: HONORABLE DEBORAH BARNES
ACTION FILED: MAY 9, 2022
TRIAL DATE: NONE SET

### I. INTRODUCTION

This is a civil rights complaint for declaratory relief and monetary damages
brought over the deliberate indifference to Plaintiff's serious medical needs to be
treated for on-going, chronic and severe pain, and the right to receive proper and
timely medical care in a prison setting, in violation of the legal rights of Plaintiff
JONATHAN LYNN DAVIS, who was, and is currently incarcerated at Mule Creek State Prison,
4001 Highway 104, Ione, California, located in Amador County.

### II. JURISIDICTION AND VENUE

1.  This is a civil rights action under 42 U.S.C. §1983 to redress the deprivation
under color of state law rights, privileges and immunities guaranteed by the Eighth
Amendment of the United States Constitution. This Court has jurisdiction pursuant to
28 U.S.C. §§1331 and 1343.

2.  This Court has jurisdiction over Plaintiff's action for declatory relief pursuant
to 28 U.S.C. §2201 and Rule 57 of the Federal Rules of Civil Procedure.

3.  Venue is proper in the United States District Court, Eastern District of California, Sacramento Division, under 28 U.S.C. §1391(b)(2), because the events giving rise to the claims occured at San Joaquin General Hospital, French Camp, CA., and at the Mule Creek State Prison, Ione, CA., in the Court's Eastern District of California.

III. PARTIES

4.  Plaintiff JONATHAN LYNN DAVIS, who was, and is still, currently incarcerated at the Mule Creek State Prison (hereafter MCSP), and at all times relevant to this Action, a convicted inmate incarcerated within the confines of the California Department of Rehabilitation (hereafter CDCR), and is housed at MCSP in Ione, CA.

5.  Defendant DR. KANWAR KELLEY, MD, Physician & Surgeon, is employed as a Physician & Surgeon at San Joaquin General Hospital in French Camp, CA., and performed surgery on Plaintiff at San Joaquin General Hospital (hereafter SJGH) and is under contract with (CDCR/MCSP), at all times relevant to this Action, and is sued in his Official and Individual Capacities.

6.  Defendant DR. MARIANA ASHE, MD, C P/S (Chief Physician & Surgeon), was at all times relevant to this Action, the Chief Physician & Surgeon at Mule Creek State Prison, and as the (MCSP C P/S) fulfills the same duties as a Chief Medical Officer (CMO), and as such, was responsible for not only providing Plaintiff the proper and timely medical care, but was also responsible for ensuring that other contract physicians & surgeons treating the inmates at (MCSP) received the proper and timely medical care needed.

DR. MARIANNA ASHE, MD, C P/S, is sued in her Official and Individual Capacities.

7.  Defendant DR. JOHN DOE #1, was employed by San Joaquin General Hospital at all times relevant to this action, and participated in a Medical Malpractice Hearing concerning a surgical procedure performed on Plaintiff on August 17, 2020.

8.  Defendant DR. JOHN DOE #2, was employed by San Joaquin General Hospital at all times relevant to this action, and participated in a Medical Malpractice Hearing concerning a surgical procedure performed on Plaintiff on August 17, 2020.

9.  Defendant DR. JOHN DOE #3, was employed by San Joaquin General Hospital at all times relevant to this action, and participated in a Medical  Malpractice Hearing concerning a surgical procedure performed on Plaintiff on August 17, 2020.

10. Defendant DR. JOHN DOE #4, was employed by San Joaquin General Hospital at all times relevant to this action, and participated in a Medical Malpractice Hearing concerning a surgical procedure performed on Plaintiff on August 17, 2020.

11. Defendant DR. JOHN DOE #5, was employed by San Joaquin General Hospital at all times relevant to this action, and participated in a Medical Malpractice Hearing concerning a

surgical procedure performed on Plaintiff on August 17, 2020.

The Defendants named in paragraphs 5-11, are sued in their Official and Individual Capacities.

## IV. DISTRICT ASSIGNMENT

12. The events giving rise to this lawsuit took place in San Joaquin County as well as Amador County, and thus this case should be assigned to the Sacramento Division of The Eastern District Court of California, pursuant to the Local Rules of the United States District Court, For The Eastern District of California.

## V. FACTUAL ALLEGATIONS

13. Plaintiff, while housed at Mule Creek State Prison, was diagnosed with polymyositis, an inflammatory disease of unknown cause that affects muscles and and especially the skeletal muscles, and causes muscle and joint pain (as noted in Merriam-Webster's Medical Desk Dictionary, page 653, 2005 Edition); and also was diagnosed with a nasopharyngeal mass (affecting the nose and the pharnyx or the nasopharnyx (as noted in Merriam-Webster's Medical Desk Dictionary, page 542, 2005 Edition).

14. Plaintiff was sent O.T.M. [Out To Medical] and had a Pre-Operative Consult with Defendant DR. KANWAR KELLEY, and a Surgical Plan was discussed and agreed upon on the blank day of blank, 2020.

15. Defendant DR. KANWAR KELLEY, MD, Physician & Surgeon, then performed surgery on the Plaintiff, on August 17, 2020, at San Joaquin General Hospital.

16. Defendant DR. MARIANNA ASHE, MD, C P/S (Chief Physician & Surgeon) was placed on notice that Plaintiff had a serious medical need that was not being treated in a timely and/or proper manner, and Defendant DR. MARIANNA ASHE, MD, C P/S, failed to, or refused to, intervene in Plaintiff's need for pain medication and proper follow-up surgery, after Plaintiff filed a Medical Grievance on or about October 30, 2020. Defendant DR. MARIANNA ASHE, MD, C P/S, then "suspended the interview of Plaintiff due to Covid-19" on January 7, 2021 and took absolutely no action to treat Plaintiff's on-going chronic and severe pain, or to provide Plaintiff with the proper and timely medical care in a prison setting.

17. Plaintiff is informed and believes, and thereon alleges, that Defendant JOHN DOE #1, participated in a Medical Malpractice Hearing with other JOHN DOE participants at San Joaquin General hospital (hereafter SJGH) without NOTICE to Plaintiff, to discuss the poor surgical outcome Plaintiff received from the August 17, 2020 NASOPHARYNGEAL surgery performed by Defendant DR. KANWAR KELLEY. The effect of the NON-NOTICE to Plaintiff is that Plaintiff has been deprived of a timely and proper "corrective surgery" plan, and now Plaintiff suffers a lifetimes worth of chronic and severe pain in the NASOPHARYNX

area: [Pharynx: The part of the digestive and respiratory tracts situated between the cavity of the mouth and esophagus] connecting upward to the nasal passages through the nasal septum. Plaintiff was informed by Defendant DR. KANWAR KELLEY, MD, that the damage to Plaintiff's nasal septum is permanant and that corrective surgery may not work.

Defendant JOHN DOE #1'S failure or refusal to include Plaintiff in the Medical Malpractice Hearing concerning Plaintiff's poor surgical outcome, deprived Plaintiff of a remedy to treat and/or control Plaintiff's now Chronic and Severe Pain, this condition now said to be permanant.

18. Plaintiff is informed and believes, and thereon alleges, that Defendants JOHN DOES #2 through #5, participated in a Medical Malpractice Hearing with JOHN DOE #1 at [SJGH] shortly after the August 17, 2020 surgical procedure performed by Defendant DR. KANWAR KELLEY, MD, and did so without NOTICE to Plaintiff, to discuss the poor surgical outcome Plaintiff received from the August 17, 2020 NASOPHARYNGEAL surgery on that date. The effect of the NON-NOTICE to Plaintiff was that Plaintiff was deprived of a timely and proper "corrective-surgery" plan, causing Plaintiff to have to endure a "life-time's worth of chronic and severe pain" in the NASOPHARYNX area, as described in paragraph 17.

VI. CAUSES OF ACTION

FIRST CAUSE OF ACTION
(42 U.S.C. §1983, 8th Amendment to U.S. Constitution)
Plaintiff JONATHAN LYNN DAVIS Vs. DR. KANWAR KELLEY, MD, PHYSICIAN & SURGEON
19.  The allegation contained in paragraphs 1 through 18, inclusive, are hereby incorporated by reference.
20.  Defendant DR. KANWAR KELLEY, MD, PHYSICIAN & SURGEON, violated Plaintiff's RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT IN THE FORM OF ON-GOING CHRONIC AND SEVERE PAIN AND THE RIGHT TO PROPER AND TIMELY MEDICAL CARE IN A PRISON SETTING, a right guaranteed to the Plaintiff by the Eighth Amendment of the United States Constitution, and was Deliberately Indifferent To Plaintiff's Serious Medical Needs to be treated for on-going chronic and severe pain and to provide proper and timely medical care, when Defendant DR. KANWAR KELLEY, MD, PHYSICIAN & SURGEON performed surgery on Plaintiff's NASOPHARYNGEAL area on August 17, 2020 to remove a mass, which was determined prior to surgery via MRI to be a cystic lesion consistant with a dermoid cyst, which is a cystic tumor. During the removal of the cystic tumor, DR. KELLEY ruptured the Plaintiff's septum to the point that DR. KELLEY created a life-long, severely painful injury to the Plaintiff. The Plaintiff had not given consent to such an extremely invasive procedure and was not properly instructed of the risks involved.

-4-

21.  Defendant DR. KANWAR KELLEY, MD, further violated Plaintiff's rights when DR. KELLEY failed to provide timely Post-Operative care, and further yet, the Medical Malpractice Hearing conducted by the [SJGH JOHN DOES] concerning the injury DR. KELLEY caused when he perforated Plaintiff's septum, deprived Plaintiff of a "corrective-surgery plan and other options" and exacerbated Plaintiff's on-going chronic and severe pain.

22.  The action and inaction coupled with the conduct of Defendant DR. KELLEY, MD, P/S, demonstrate Deliberate Indifference To Plaintiff's Serious Medical Needs, and a violation of Plaintiff's Eighth Amendment Rights.

23.  As a proximate result of Defendant DR. KANWAR KELLEY'S violation of the Plaintiff's Right To Be Free From Cruel and Unusual Punishment while Plaintiff was housed and is housed at Mule Creek State Prison, Plaintiff has suffered, is suffering, and will continue to suffer severe pain and irrepairable harm.

24.  Defendant DR. KANWAR KELLEY, MD, acted under color of state law.

25.  Plaintiff needlessly suffered severe pain for months and years, and still suffers with severe pain, and suffers from the damage Defendant KELLEY caused to Plaintiff's nasal septum and nasopharyngeal area, which includes but it is not limited to, copious amounts of mucous from damaged mucus membranes, a ruptured septum that allows air to flow from side to side of the nostrils, chronic severe headaches, choking, and sleep disorder, coupled with chronic gagging, and these issues severely affect Plaintiff's Activities of Daily Living [ADLS].

SECOND CAUSE OF ACTION
(42 U.S.C. §1983, 8th Amendment to U.S. Constitution)
Plaintiff JONATHAN LYNN DAVIS Vs. DR. MARIANNA ASHE, MD, CHIEF PHYSICIAN & SURGEON, MCSP.

26.  The allegations contained in paragraphs 1 through 25, inclusive, are hereby incorporated by reference.

27.  Defendant DR. MARIANNA ASHE, MD, C P/S, violated Plaintiff's RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT IN THE FORM OF ON-GOONG CHRONIC AND SEVERE PAIN AND THE RIGHT TO PROPER AND TIMELY MEDICAL CARE IN A PRISON SETTING, a right guaranteed to the Plaintiff by the Eighth Amendment of the United States Constitution, and was Deliberately Indifferent To Plaintiff's Serious Medical Needs to be treated for on-going chronic and severe pain and to provide proper and timely medical care, when Defendant DR. ASHE was place on notice via the CDCR Form 602-HC Medical Appeal/Grievance System when Plaintiff appealed a "poor outcome" to a surgical procedure to treat a NASOPHARYNGEAL mass, which caused Plaintiff to suffer severe pain, headaches, nose-bleeds, and a ruptured nasal

septum, such rupture as described to Plaintiff by the sugeon who operated, Defendant DR.
KANWAR KELLEY, MD, is said to be permanent. When Plaintiff described the severely
painful injury to Defendant DR. MARIANNA ASHE, MD, Chief Physician & Surgeon at Mule Creek
State Prison, Defendant DR. ASHE, chose to ignore Plaintiff's request for treatment, and
in fact, in her own words: "Suspended [Plaintiff's] interview (of the appeal) due to
Covid-19." Defendant DR. ASHE, MD, C P/S, took absolutely no action in regards to the
injury Plaintiff received during the surgery to remove the "mass" not took any action to
treat or abate Plaintiff's severe and constant pain.

28.  The action and inaction describing the conduct of Defendant DR. MARIANNA ASHE, MD,
C P/S, demonstrates Deliberate Indifference To Plaintiff's Serious Medical Needs, and a
violation of Plaintiff's Eighth Amendment Rights.

29.  As a proximate result of Defendant DR. MARIANNA ASHE'S violation of the Plaintiff's
Right To Be Free From Cruel And Unusual Punishment while Plaintiff was housed and is
housed at Mule Creek State Prison, Plaintiff has suffered, is suffering, and will continue
to suffer severe pain and irrepairable harm.

30.  Plaintiff needlessly suffered severe pain for months and years, and still suffers
with severe pain, and suffers from the damage Defendant DR. KELLEY caused to Plaintiff's
nasal septum and nasopharyngeal area, which includes, but is not limited to, copius
amounts of mucous from damaged mucus membranes, a ruptured septum that allows air to flow
from side to side of the nostrils, chronic severe headaches, choking, and sleep disorder,
coupled with chronic gagging, and these issues severely affect Plaintiff's Activities of
Daily Living [ADLS].

THIRD CAUSE OF ACTION
(42 U.S.C. §1983, 8th Amendment to U.S. Constitution)
Plaintiff JONATHAN LYNN DAVIS Vs. JOHN DOE #1, employed by San Joaquin General Hospital.

31.  The allegations contained in paragraphs 1 through 30, inclusive, are hereby
incorporated by reference.

32.  Defendant JOHN DOE #1, violated Plaintiff's RIGHT TO BE FREE FROM CRUEL AND UNUSUAL
PUNISHMENT IN THE FORM OF ON-GOING CHRONIC AND SEVERE PAIN AND THE RIGHT TO PROPER AND
TIMELY MEDICAL CARE IN A PRISON SETTING, a right guaranteed to the Plaintiff by the
Eighth Amendment of the United States Constitution, and was Deliberately Indifferent To
Plaintiff's Serious Medical Needs to be treated for on-going chronic and severe pain and
to provide proper and timely medical care, who after being notified that he [JOHN DOE]#1
would be participating in a Medical Malpractice Review (Hearing) that concerned the "poor

surgical outcome" received by Plaintiff, and further, participated in the [Hearing] without NOTIFICATION to Plaintiff, and this disregard led to Plaintiff's deprivation of a "corrective surgery diagnosis and surgical plan" and this deprivation further caused Plaintiff to suffer from an elevated level of severe pain, which there is no remedy for. Had Plaintiff been NOTIFIED and INCLUDED in the [Hearing] [Review] of Plaintiff's own medical condition, Plaintiff's pain level would have been reduced and/or abated.

33.  The action and inaction describing the conduct of Defendant JOHN DOE #1, employee of San Joaquin General Hospital, demonstrates Deliberate Indifference To Plaintiff's Serious Medical Needs, and a violation of Plaintiff's Eighth Amendment Rights.

34.  As a proximate cause of Defendant JOHN DOE #1'S violation of the Plaintiff's Right To Be Free From Cruel And Unusual Punishment while Plaintiff was housed and is housed at Mule Creek State Prison, Plaintiff has suffered, is suffering, and will continue to suffer irrepairable harm.

35.  Defendant JOHN DOE, employed by San Joaquin General Hospital, acted under color of state law.

36.  Plaintiff needlessly suffered severe pain for months and years, and still suffers with severe pain, and suffers from the damage Defendant DR. KANWAR KELLEY inflicted upon Plaintiff's nasal septum and nasopharnygeal area, when Defendant JOHN DOE #1 intentionally interferred with a surgical remedy for Plaintiff's surgical injury and thus prevented the Plaintiff from a remedy to abate the extremely severe pain in Plaintiff's nose, nasal passages, the nasopharyngeal area, down to Plaintiff's esophogus.

37.  Defendant JOHN DOE #1 prevented Plaintiff from a remedy to surgically repair the damage that includes, but is not limited to, copious amounts of mucous from damaged mucus membranes, a ruptured septum that allows air to flow from side to side of the nostrils, chronic severe headaches, choking, sleep disorder, and coupled with chronic gagging, these issues severely affect Plaintiff's Activities of Daily Living [ADLS].

FOURTH CAUSE OF ACTION
(42 U.S.C. §1983, 8th Amendment to U.S. Constitution)
Plaintiff JONATHAN LYNN DAVIS Vs. JOHN DOE #2, employed by San Joaquin General Hospital

38.  The allegations contained in paragraphs 1 through 37, inclusive, are hereby incorporated by reference.

39.  Defendant JOHN DOE #2, violated Plaintiff's RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT IN THE FORM OF ON-GOING CHRONIC AND SEVERE PAIN AND THE RIGHT TO PROPER AND TIMELY MEDICAL CARE IN A PRISON SETTING, a right guaranteed to the Plaintiff by the

Eighth Amendment of the United States Constitution, and was Deliberately Indifferent To Plaintiff's Serious Medical Needs to be treated for on-going chronic and severe pain and to provide proper and timely medical care, who after being notified that he [JOHN DOE #2] would be participating in a Medical Malpractice Review (Hearing) that concerned the "poor surgical outcome" received by Plaintiff, and further, participated in the [Hearing] without NOTIFICATION to Plaintiff, and this disregrd led to Plaintiff's deprivation of a "corrective surgery diagnosis and surgical plan" and this deprivation further caused Plaintiff to suffer from an elevated level of severe pain, which there is no remedy for. Had Plaintiff been NOTIFIED and INCLUDED in the [Hearing] [Review] of Plaintiff's own medical condition, Plaintiff's pain level would have been reduced and/or abated.

40.  The action and inaction describing the conduct of Defendant JOHN DOE #2, employee of San Joaquin General Hospital, demonstrates Deliberate Indifference To Plaintiff's Serious Medical Needs, and a violation of Plaintiff's Eighth Amendment Rights.

41.  As a proximate cause of Defendant JOHN DOE #2's violation of the Plaintiff's Right To Be Free From Cruel And Unusual Punishment while Plaintiff was housed and is housed at Mule Creek State Prison, Plaintiff has suffered, is suffering, and will continue to suffer irrepairable harm.

43.  Defendant JOHN DOE #2, employed by San Joaquin General Hospital, acted under color of state law.

44.  Plaintiff needlessly suffered severe pain for months and years, and still suffers with severe pain, and suffers from the damage Defedant DR. KANWAR KELLEY inflicted upon Plaintiff's nasal septum and nasopharyngeal area, when Defendant JOHN DOE #2 intentionally interferred with a surgical remedy for Plaintiff's surgical injury and thus prevented the Plaintiff from a remedy to abate the extremely severe pain in Plaintiff's nose, nasal passages, nasopharyngeal area, down to Plaintiff's esophagus.

45.  Defendant JOHN DOE #2 prevented Plaintiff from a remedy to surgically repair the damage that includes, but is not limited to, copious amounts of mucous from damaged mucus membranes, a ruptured septum that allows air to flow from side to side of the nostrils, chronic severe headaches, choking, sleep disorder, and coupled with chronic gagging, these issues severely affect Plaintiff's Activities of Daily Living [ADLS].

FIFTH CAUSE OF ACTION
(42 U.S.C. §1983, 8th Amendment to U.S. Constitution)
Plaintiff JONATHAN LYNN DAVIS Vs. JOHN DOE #3, employed by San Joaquin General Hospital
46.  The allegations contained in paragraphs 1 through 45, inclusive, are hereby

incorporated by reference.

47.  Defendant JOHN DOE #3, violated Plaintiff's RIGHT TO BE FREE FROM CRUEL AND UNUSUAL
PUNISHMENT IN THE FORM OF ON-GOING CHRONIC AND SEVERE PAIN AND THE RIGHT TO PROPER AND
TIMELY MEDICAL CARE IN A PRISON SETTING, a right guaranteed to the Plaintiff by the
Eighth Amendment of the United States Constitution, and was Deliberately Indifferent To
Plaintiff's Serious Medical Needs to be treated for on-going chronic and severe pain and
to provide proper and timely medical care, who after being notified that he [JOHN DOE #3]
would be participating in a Medical Malpractice Review (Hearing) that concerned the "poor
surgical outcome" received by Plaintiff, and further, participated in the [Hearing]
without NOTIFICATION to Plaintiff, and this disregard led to Plaintiff's deprivation of a
"corrective surgery diagnosis and surgical plan" and this deprivation further caused
Plaintiff to suffer an elevated level of severe pain, which there is no remedy for.
Had Plaintiff been NOTIFIED and INCLUDED in the [Hearing] [Review] of Plaintiff's own
medical condition, Plaintiff's pain level would have been reduced and/or abated.

48.  The action and inaction describing the conduct of Defendant JOHN DOE #3, employee of
San Joaquin General Hospital, demonstrates Deliberate Indifference To Plaintiff's Serious
Medical Needs, and a violation of Plaintiff's Eighth Amendment Rights.

49.  As a proximate cause of Defendant JOHN DOE #3'S violation of Plaintiff's Right To
Be Free From Cruel And Unusual Punishment while Plaintiff was housed and is housed at Mule
Creek State Prison, Plaintiff has suffered, is suffering, and will continue to suffer
irrepairable harm.

50.  Defendant JOHN DOE #3, employed by San Joaquin General Hospital, acted under color of
state law.

51.  Plaintiff needlessly suffered severe pain for months and years, and still suffers
with severe pain, and suffers from the damage Defendant DR. KANWAR KELLEY inflicted upon
Plaintiff's nasal septum and nasopharyngeal area, when Defendant JOHN DOE #3 intentionally
interferred with a surgical remedy for Plaintiff's surgical injury and thus prevented the
Plaintiff from a remedy to abate the extremely severe pain in Plaintiff's nose, nasal
passages, nasopharyngeal area, down to Plaintiff's esophagus.

52.  Defendant JOHN DOE #3 prevented Plaintiff from a remedy to surgically repair the
damage that includes, but is not limited to, copious amounts of mucous from damaged mucus
membranes, a ruptured septum that allows air to flow from side to side of the nostrils,
chronic severe headaches, choking, sleep disorder, and coupled with chronic gagging, these
issues severely affect Plaintiff's Activities of Daily Living [ADLS].

SIXTH CAUSE OF ACTION

(42 U.S.C. §1983, 8th Amendment to U.S. Constitution)

Plaintiff JONATHAN LYNN DAVIS Vs. JOHN DOE #4, employed by San Joaquin General Hospital

53. The allegations contained in paragraphs 1 through 52, inclusive, are hereby incorporated by reference.

54. Defendant JOHN DOE #4, violated Plaintiff's RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT IN THE FORM OF ON-GOING CHRONIC AND SEVERE PAIN AND THE RIGHT TO PROPER AND TIMELY MEDICAL CARE IN A PRISON SETTING, a right guaranteed to the Plaintiff by the Eighth Amendment of the United States Constitution, and was Deliberately Indifferent To Plaintiff's Serious Medical Needs to be treated for on-going chronic and severe pain and to provide proper and timely medical care, who after being notified that he [JOHN DOE #4] would be participating in a Medical Malpractice Review (Hearing) that concerned the "poor surgical outcome" received by Plaintiff, and further, participated in the [Hearing] without NOTIFICATION to Plaintiff, and this disregard led to Plaintiff's deprivation of a "corrective surgery diagnosis and surgical plan" and this deprivation further caused Plaintiff to suffer an elevated level of severe pain, which there is no remedy for. Had Plaintiff been NOTIFIED and INCLUDED in the [Hearing] [Review] of Plaintiff's own medical condition, Plaintiff's pain level would have been reduced and/or abated.

55. The action and inaction describing the conduct of Defendant JOHN DOE #4, employee of San Joaquin General Hospital, demonstrates Deliberate Indifference To Plaintiff's Serious Medical Needs, and a violation of Plaintiff's Eighth Amendment Rights.

56. As a proximate cause of Defendant JOHN DOE #4's violation of Plaintiff's Right To Be Free From Cruel And Unusual Punishment while Plaintiff was housed and is housed at Mule Creek State Prison, Plaintiff has suffered, is suffering, and will continue to suffer irrepairable harm.

57. Defendant JOHN DOE #4, employed by San Joaquin General Hospital, acted under color of state law.

58. Plaintiff needlessly suffered severe pain for months and years, and still suffers with severe pain, and suffers from the damage Defendant DR. KANWAR KELLEY inflicted upon Plaintiff's nasal septum and nasopharyngeal area, when Defendant JOHN DOE #4 intentionally interferred with a surgical remedy for Plaintiff's surgical injury and thus prevented the Plaintiff from a remedy to abate the extremely severe pain in Plaintiff's nose, nasal passages, the nasopharyngeal area, down to Plaintiff's esophogus.

59. Defendant JOHN DOE #4 prevented Plaintiff from a remedy to surgically repair the damage that includes, but is not limited to, copious amounts of mucous from damaged mucus

membranes, a ruptured septum that allows air to flow from side to side of the nostrils, chronic severe headaches, choking, sleep disorder, and coupled with chronic gagging, these issues severely affect Plaintiff's Activities of Daily Living [ADLS].

SEVENTH CAUSE OF ACTION

42 U.S.C. §1983, 8th Amendment to U.S. Constitution)

Plaintiff JONATHAN LYNN DAVIS Vs. JOHN DOE #5, employed by San Joaquin General Hospital

60.    The allegations contained in paragraphs 1 through 59, inclusive, are hereby incorporated by reference.

61.    Defendant JOHN DOE #5, violated Plaintiff's RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT IN THE FORM OF ON-GOING CHRONIC AND SEVERE PAIN AND THE RIGHT TO PROPER AND TIMELY MEDICAL CARE IN A PRISON SETTING, a right guaranteed to the Plaintiff by the Eighth Amendment of the United States Constitution, and was Deliberately Indifferent To Plaintiff's Serious Medical Needs to be treated for on-going chronic and severe pain and to provide proper and timely medical care, who after being notified that he [JOHN DOE #5] would be participating in a Medical Malpractice Review (Hearing) that concerned the "poor surgical outcome" received by Plaintiff, and further, participated in the [Hearing] without NOTIFICATION to Plaintiff, and this disregard led to Plaintiff's deprivation of a "corrective surgery diagnosis and surgical plan" and this deprivation further caused Plaintiff to suffer an elevated level of severe pain, which there is no remedy for. Had Plaintiff been NOTIFIED and INCLUDED in the [Hearing] [Review] of Plaintiff's own medical condition, Plaintiff's pain level would have been reduced and/or abated.

62.    The action and inaction describing the conduct of Defendant JOHN DOE #5, employee of San Joaquin General Hospital, demonstartes Deliberate Indifference To Plaintiff's Serious Medical Needs, and a violation of Plaintiff's Eighth Amendment Rights.

63.    As a proximate cause of Defendant JOHN DOE #5's violation of Plaintiff's Right To Be Free From Cruel And Unusual Punishment while Plaintiff was housed and is housed at Mule Creek State Prison, Plaintiff suffered, is suffering, and will continue to suffer irrepairable harm.

64.    Defendant JOHN DOE #5, employed by San Joaquin General Hospital, acted under color of state law.

65.    Plaintiff needlessly suffered severe pain for months and years, and still suffers with severe pain, and suffers from the damage Defendant DR. KANWAR KELLEY inflicted upon Plaintiff's nasal septum and nasopharyngeal area, when Defendant JOHN DOE #5 intentionally interferred with a surgical remedy for Plaintiff's surgical injury and thus prevented the

Plaintiff from a remedy to abate the extremely severe pain in Plaintiff's nose, nasal passages, the nasopharyngeal area, down to Plaintiff's esophagus.

66.  Defendant JOHN DOE #5 prevented Plaintiff from a remedy to surgically repair the damage that includes, but is not limited to, copious amounts of mucous for damaged mucus membranes, a ruptured septum that allows air to flow from side to side of the nostrils, chronic severe headaches, choking, sleep disorder, and coupled with chronic gagging, these issues severely affect Plaintiff's Activities of Daily Living [ADLS].

<u>PRAYER FOR RELIEF</u>

67.  WHEREFORE, Plaintiff respectfully PRAYS for relief as follows:

1. Issue a declaratory judgement that the defendant's actions complained of herein violated Plaintiff's rights under the U.S. Constitution and as otherwise alleged herein;

2. Award Compensatory damages in an amount to be determined at trial against each Defendant, DR. KANWAR KELLEY, MD, DR. MARIANNA ASHE, MD, C P/S, and JOHN DOES 1 through 5.

3. Award Punitive damages in an amount to be determined at trial against each Defendant, DR. KANWAR KELLEY, MD, DR. MARIANNA ASHE, MD, C P/S, and JOHN DOES 1 through 5.

4. Award Plaintiff the cost of the suit and reasonable attorney fees,

5. A Jury Trial on all issues triable by a Jury,

6. Any additional relief this Court deems just, proper, and equitable, to include corrective surgery and those associated fees.

///
///
///
///
///
///
///
///
///
///
///
///

Dated: April 21, 2023

JONATHAN LYNN DAVIS
Plaintiff In Pro Per

Jonathan Lynn Davis C-56630
Mule Creek State Prison
P.O. Box 409060  C-13 247
Ione, CA.  95640
Plaintiff In Pro Per

<u>VERIFICATION</u>

    I have read the foregoing Complaint and hereby verify that the matters alleged therein are true, except as to matters alleged and based on my own information and belief, and as to those matters, I do believe them to be true.

    I declare under the penalty of perjury under the laws of the United States of America, and under the laws of the State of California, that the foregoing is true and correct. This VERIFCATION and DECLARATION was executed on this 21st day of April, 2023, at Amador County, Ione, California, by the undersigned.

                                         JONATHAN LYNN DAVIS
                                         Plaintiff In Pro Per

<u>ADMINISTRATIVE REMEDIES</u>

a. Are there any administrative remedies available at your institution?............YES
B. Did you submit a request for administrative relief on CAUSES OF ACTION 1 thru 7 YES
Did you appeal for relief on CAUSES OF ACTION 1 thru 7 to the highest level?.......YES