1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JONATHAN DAVIS,                              No.  2:22-cv-0773 DB P

12                 Plaintiff,

13        v.                                      ORDER

14   K. KELLEY, et al.,

15                 Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

18   U.S.C. § 1983.  Plaintiff claims that he has received inadequate medical care in violation of his

19   rights.  Presently before the court is the fourth amended complaint for screening along with

20   plaintiff's motion seeking relief for failing to timely file his amended complaint.  (ECF Nos. 26,

21   27.) For the reasons set forth below, the court will grant the motion for relief, deem the complaint

22   timely filed, and give plaintiff the option to proceed with the complaint as screened or file an

23   amended complaint.

24              **MOTION SEEKING RELIEF FROM UNTIMELY FILING**

25        By order dated March 27, 2023, the undersigned screened the third amended complaint,

26   determined it stated a potentially cognizable deliberate indifference claim against defendant Drs.

27   Kelley and Ashe, but did not state any additional claims.  (ECF No. 18 at 6-7.)  Plaintiff was

28   ////

1   given the option to proceed with the complaint as screened or file an amended complaint.  (Id. at

2   9.)

3        Plaintiff elected to amend the complaint.  (ECF No. 22.)  On May 8, 2023, the

4   undersigned directed plaintiff to file an amended complaint within sixty days.  (ECF No. 23.)

5   Thereafter, plaintiff requested the court issue subpoenas.  (ECF No. 24.)  The request was denied

6   without prejudice to its renewal at a later stage of the proceedings.  (ECF No. 25.)  The Fourth

7   Amended Complaint ("FAC") and the instant motion for relief were filed on the docket on

8   August 11, 2023.  (ECF Nos. 26, 27.)

9        In the motion plaintiff states that he submitted the FAC "on or about April 17, 2023"

10  contemporaneously with his request for a sixty-day extension of time that was docketed on April

11  19, 2023.  (ECF No. 27 at 1.)  Plaintiff states that he "can only render a guess that the trouble with

12  what appears to be a missing and/or unfiled FOURTH AMENDED COMPLAINT stems from

13  problems with the Mule Creek State Prison Mail Room."  (Id. at 2.)  Plaintiff submitted his own

14  declaration along with a declaration from an inmate who assisted in the preparation stating that

15  the FAC was drafted during the time provided for in the May 8, 2023, extension of time.  (Id. at 2,

16  4, 5-6.)  In light of plaintiff's pro se status and based on the arguments in the motion, the court

17  will consider the FAC timely filed and screen it as set forth below.

18                              **SCREENING**

19  **I.      Legal Standards**

20       The court is required to screen complaints brought by prisoners seeking relief against a

21  governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

22  1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

23  that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

24  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

25  U.S.C. § 1915A(b)(1) & (2).

26       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

27  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

28  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

1  indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>,

2  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

3  pleaded, has an arguable legal and factual basis.  <u>See</u> <u>Franklin</u>, 745 F.2d at 1227.

4  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

5  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

6  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  <u>Bell</u>

7  <u>AtlanticCorp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47

8  (1957)).

9       However, in order to survive dismissal for failure to state a claim a complaint must

10  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

11  factual allegations sufficient "to raise a right to relief above the speculative level."  <u>Bell Atlantic</u>,

12  550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

13  allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S.

14  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

15  doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

16       The Civil Rights Act under which this action was filed provides as follows:

17          Every person who, under color of [state law] . . . subjects, or causes
             to be subjected, any citizen of the United States . . . to the deprivation
18          of any rights, privileges, or immunities secured by the Constitution .
             . . shall be liable to the party injured in an action at law, suit in equity,
19          or other proper proceeding for redress.

20  42 U.S.C. § 1983.  Here, the defendants must act under color of federal law.  <u>Bivens</u>, 403 U.S. at

21  389.  The statute requires that there be an actual connection or link between the

22  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u>

23  <u>Monell v. Dept. of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362

24  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

25  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

26  omits to perform an act which he is legally required to do that causes the deprivation of which

27  complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

28  ////

1    Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

2    their employees under a theory of respondeat superior and, therefore, when a named defendant

3    holds a supervisorial position, the causal link between him and the claimed constitutional

4    violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

5    Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

6    concerning the involvement of official personnel in civil rights violations are not sufficient.  See

7    Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

8    **I.        Allegations in the Amended Complaint**

9        Plaintiff alleges the events giving rise to the claim occurred while he was in the custody of

10   the California Department of Corrections and Rehabilitation ("CDCR") housed at Mule Creek

11   State Prison ("MCSP").  (ECF No. 26 at 2.)  He has identified Dr. Kanwar Kelley, physician and

12   surgeon at San Joaquin General Hospital ("SJGH"), Dr. Mariana Ashe, chief physician and

13   surgeon at MCSP as defendants.  (Id.)  Plaintiff has also named John Does #1-5 and identified

14   them as SJGH employees who participated in a medical malpractice hearing regarding a surgical

15   procedure performed on plaintiff on August 17, 2020.  (Id. at 2-3.)

16       Plaintiff alleges that while housed at MCSP he was "diagnosed with polymyositis, an

17   inflammatory disease of unknown cause that affects muscles and especially the skeletal muscles"

18   which "causes muscle and joint pain" as well as "a nasopharyngeal mass."  (Id. at 3.)  He was

19   sent to an outside medical facility where he had a consultation with Dr. Kelley where they

20   discussed a surgical plan and set a date for surgery.  (Id.)  On August 17, 2020, Dr. Kelley

21   performed surgery on plaintiff.  (Id.)

22       Plaintiff further alleges the Dr. Ashe, "was placed on notice that Plaintiff had a serious

23   medical need that was not being treated in a timely and/or proper manner, and [] Dr. Ashe []

24   failed to, or refused to, intervene in Plaintiff's need for pain medication and proper follow-up

25   surgery, after Plaintiff filed a Medical Grievance on or about October 30, 2020."  (Id.)

26       He claims that Dr. Ashe, "'suspended the interview of Plaintiff due to Covid-19' on

27   January 7, 2021 and took absolutely no action not treat Plaintiff's on-going chronic and severe

28   pain, or to provide Plaintiff with proper and timely medical care . . . ."  (Id.)

4

1    Plaintiff believes that the John Doe defendants "participated in a Medical Malpractice

2    Hearing" without providing notice to plaintiff where they discussed the "poor surgical outcome"

3    of plaintiff's August 17, 2020, nasopharyngeal surgery performed by Dr. Kelley.  He further

4    claims that the failure to provide plaintiff with notice of the meeting deprived plaintiff of "a

5    timely and proper 'corrective surgery' plan."  (Id.)  He was informed by Dr. Kelley on an

6    unspecified date that the damage to his septum is permanent and corrective surgery may not

7    work.  (Id. at 4.)

8    **II.      Does Plaintiff State a Claim under § 1983?**

9          **A.  Legal Standards – Eighth Amendment**

10    The Eighth Amendment prohibits the infliction of "cruel and unusual punishments."  U.S.

11    Const. amend. VIII.  The unnecessary and wanton infliction of pain constitutes cruel and unusual

12    punishment prohibited by the Eighth Amendment.  Whitley v. Albers, 475 U.S. 312, 319 (1986);

13    Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).

14    Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy

15    and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited

16    by the Cruel and Unusual Punishments Clause."  Whitley, 475 U.S. at 319.

17    The deliberate indifference standard involves an objective and subjective prong.  First, the

18    alleged deprivation must be, in objective terms, "sufficiently serious . . . ."  Farmer v. Brennan,

19    511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison

20    official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ."

21    Farmer, 511 U.S. at 837.  Thus, a prison official may be held liable under the Eighth Amendment

22    for denying humane conditions of confinement only if he knows that inmates face a substantial

23    risk of harm and disregards that risk by failing to take reasonable measures to abate it.  Id. at 837-

24    45.

25    Where a prisoner's Eighth Amendment claim arises in the context of medical care, the

26    prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate

27    indifference to serious medical needs."  Estelle, 429 U.S. at 106.  An Eighth Amendment medical

28    claim has two elements: "the seriousness of the prisoner's medical need and the nature of the

1  defendant's response to that need."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992),

2  overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en

3  banc).

4      A medical need is serious "if the failure to treat the prisoner's condition could result in

5  further significant injury or the 'unnecessary and wanton infliction of pain.'"  McGuckin, 974

6  F.2d at 1059 (quoting Estelle, 429 U.S. at 104).  Indications of a serious medical need include

7  "the presence of a medical condition that significantly affects an individual's daily activities."  Id.

8  at 1059-60.  By establishing the existence of a serious medical need, a prisoner satisfies the

9  objective requirement for proving an Eighth Amendment violation.  Farmer v. Brennan, 511 U.S.

10  825, 834 (1994).

11      If a prisoner establishes the existence of a serious medical need, he must then show that

12  prisoner officials responded to the serious medical need with deliberate indifference.  See Farmer,

13  511 U.S. at 834.  In general, deliberate indifference may be shown when prison officials deny,

14  delay, or intentionally interfere with medical treatment, or may be shown by the way in which

15  prison officials provide medical care.  Hutchinson v. United States, 838 F.2d 390, 393-94 (9th

16  Cir. 1988).

17      Before it can be said that a prisoner's civil rights have been abridged with regard to

18  medical care, "the indifference to his medical needs must be substantial.  Mere 'indifference,'

19  'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter

20  Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also

21  Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in

22  diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth

23  Amendment rights."); McGuckin, 974 F.2d at 1059 (same).  Deliberate indifference is "a state of

24  mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for

25  the prisoner's interests or safety.'"  Farmer, 511 U.S. at 835.

26      Finally, mere differences of opinion between a prisoner and prison medical staff or

27  between medical professionals as to the proper course of treatment for a medical condition do not

28  give rise to a § 1983 claim.  See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330,

332 (9th Cir. 1996) <u>overruled in part on other grounds by</u> <u>Peralta v. Dillard</u>, 744 F.3d 1076, 1083 (9th Cir. 2014) (en banc); <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989); <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1344 (9th Cir. 1981).

### B. Analysis

#### 1. Dr. Kelley

Plaintiff claims Dr. Kelley violated his Eighth Amendment "right to be free from cruel and unusual punishment in the form of on-going chronic and severe pain and the right to proper and timely medical care in a prison setting." (ECF No. 26 at 4.) He further states that he did not consent to such an extremely invasive procedure and was not properly instructed of the risks involved. (<u>Id.</u>)

Courts in this district have determined that where an inmate consents to surgery, but later argues that they did not consent to the surgery actually performed, fails to show an Eighth Amendment violation. <u>See</u> <u>McRae v. Dikran</u>, 1:16-cv-1066 NONE-GSA-PC, 2021 WL 1670067, at *8 (E.D. Cal. Arp. 28, 2021) (finding factual dispute regarding "what the surgeon did and did not disclose, or whether the procedure as actually performed on Plaintiff went beyond his consent" not sufficient to defeat summary judgment on plaintiff's Eighth Amendment claim); <u>Lyons v. Traquina</u>, No. CV 06-2339 RT, 2010 WL 3069336, at *10 (E.D. Cal. Aug. 4, 2010) (granting summary judgment in favor of defendants on plaintiff's Eighth Amendment claim even though plaintiff argued that he did not consent to the surgery actually performed "plaintiff undisputedly consented to a surgical procedure meant to alleviate pain in his shoulder"). Accordingly, the undersigned finds that plaintiff's allegation that he was not informed of the risks and did not consent to the surgical procedure performed by Dr. Kelley fails to state a cognizable Eighth Amendment claim.

#### 2. Dr. Ashe

Plaintiff claims Dr. Ashe violated his rights under the Eighth Amendment because she was put on notice of plaintiff's on-going chronic and severe pain via CDCR Form 602-HC Medical Appeal/Grievance System when plaintiff filed a grievance stating that he was suffering severe pain, headaches, nose-bleeds, and a ruptured nasal septum that Dr. Kelley indicated was

1    permanent.  (ECF No. 26 at 5-6.)  Rather that provide treatment, plaintiff alleges Dr. Ashe

2    suspended the interview regarding plaintiff's appeal and did not take any action to treat or abate

3    plaintiff's condition.  (Id. at 6.)

4          To the extent plaintiff alleges that Dr. Ashe was aware of his medical needs and denied

5    treatment, the allegations are sufficient to state a cognizable Eighth Amendment claim.  The

6    undersigned finds such allegations minimally sufficient to state a potentially cognizable deliberate

7    indifference claim against Dr. Ashe.  See Uriarte v. Schwarzenegger, No. 06-cv-1558-MMA-

8    WMC, 2011 WL 4945232, at *6 (S.D. Cal. Oct. 18, 2011) ("[A] plaintiff may establish liability

9    on the part of defendants involved in the administrative grievance process under the Eighth

10   Amendment by alleging that his appeal put the defendants on notice that he had a serious medical

11   need that was not being met, and that their denial therefore constituted deliberate indifference.");

12   see also Rich v. Stratton, No. 2:17-cv-0432 DB P, 2019 WL 2339533, at *5 (E.D. Cal. June 3,

13   2019) (holding defendants' "refusal to refer [plaintiff] for an x-ray or an MRI does suggest

14   deliberate indifference as it shows that they failed to act despite knowledge of a substantial risk of

15   harm.").

16                          **3.  John Doe Defendants**

17         Plaintiff alleges the John Doe defendants violated his right by failing to notify plaintiff of

18   a medical malpractice review hearing.  (ECF No. 26 at 6-7.)  At the outset, the court notes that it

19   cannot serve a doe defendant.  Montgomery v. Wong, 2:20-cv-1515 DB P, 2021 WL 1907161, at

20   *4 (E.D. Cal. May 12, 2021).  Additionally, even if the court were able to order service on these

21   unidentified defendants, the allegations are not sufficient to state a claim because plaintiff has

22   failed to explain how the failure to notify him of a review hearing created a substantial risk of

23   harm to his health.  Farmer, 511 U.S. at 843.

24                        **AMENDING THE COMPLAINT**

25         As set forth above, the amended complaint states potentially cognizable claims against Dr.

26   Ashe, but fails to state any other claims.  Accordingly, plaintiff will be given the option to

27   proceed immediately with his claims against Dr. Ashe or amend the complaint. Plaintiff is

28   advised that in an amended complaint he must clearly identify each defendant and the action that

8

defendant took that violated his constitutional rights.  The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant.  The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in support of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading.  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, all prior pleadings are superseded.  Any amended complaint should contain all of the allegations related to his claim in this action.  If ////

plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended complaint.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for relief from potential late filing (ECF No. 27) is granted and the FAC is deemed timely filed.

2. The FAC (ECF No. 26) states a potentially cognizable deliberate indifference claim against Dr. Ashe as set forth in Section III above.  The complaint does not state any additional claims.  Accordingly, plaintiff will have the option of proceeding with the complaint as screened or filing an amended complaint.

3. Within thirty (30) days of the date of this order, plaintiff shall fill out and return the attached form indicating how he would like to proceed in this action.

4. Plaintiff is warned that failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  October 10, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/davi0773.scrn5

1
2
3
4
5
6                      UNITED STATES DISTRICT COURT
7               FOR THE EASTERN DISTRICT OF CALIFORNIA
8

9   JONATHAN DAVIS,                          No.  2:22-cv-0773 DB P
10                   Plaintiff,
11          v.                               PLAINTIFF'S NOTICE ON HOW TO
                                             PROCEED
12   K. KELLEY, et al.,
13                   Defendants.

14  Check one:
15

16  _____    Plaintiff wants to proceed immediately on his deliberate indifference claim against
17          defendant Dr. Ashe.  Plaintiff understands that by going forward without amending the
18          complaint he is voluntarily dismissing all other claims.
19

20  _____    Plaintiff wants to amend the complaint.
21

22  DATED:_____
23

24                                           _____
                                             Jonathan Davis
25                                           Plaintiff pro se
26
27
28

11