UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN DAVIS,<br><br>    Plaintiff,<br><br>    v.<br><br>K. KELLEY, et al.,<br><br>    Defendants. | No. 2:22-cv-0773 DB P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that he has received inadequate medical care in violation of his rights. Presently before the court is plaintiff's second request for subpoenas. (ECF No. 28.)

**I.    Background**

Plaintiff initiated this action with the filing of the original complaint. The court screened and dismissed the original, first, and second amended complaints for failure to state a claim. (ECF Nos. 6, 12, 14.) The undersigned found that the third amended complaint stated cognizable deliberate indifference claims against Drs. Ashe and Kelley, but the complaint did not contain any additional claims. (ECF No. 18 at 5-7.) Plaintiff was given the option to proceed immediately with the complaint as screened or file an amended complaint. (Id. at 7.)

Plaintiff elected to amend the complaint. (ECF No. 22.) Thereafter, he submitted the fourth amended complaint. (ECF No. 26.) Therein, plaintiff alleged that his Eighth Amendment

1

right to adequate medical care was violated in connection with surgery performed by Dr. Kelley on August 17, 2020.  (Id. at 3.)  He identified Dr. Kelley, Dr. Ashe, and several San Joaquin General Hospital employees who participated in a medical malpractice hearing about plaintiff's surgery.  (Id. at 2.)  By order dated October 11, 2023, the undersigned screened the fourth amended complaint and determined that the complaint states a cognizable claim against Dr. Ashe, and failed to state a claim against Dr. Kelley or the San Joaquin General Hospital employees who participated in a medical malpractice hearing following plaintiff's surgery.  (ECF No. 29 at 7-8.)

## II. Motion for Subpoenas

Plaintiff has submitted a renewed request for the issuance of two subpoenas directed toward Richard Castro, Chief Executive Officer, and Sheela Kapre, Chief Medical Officer.  (ECF No. 28 at 1.)  Both individuals are identified as employees at San Joaquin General Hospital and members of the Administration team.  (Id.)  He further requests that these individuals provide him with the name of the members of the Medical Malpractice Review Committee who held a meeting discussing plaintiff's August 17, 2020, surgery.  (Id.)

He states that the court previously denied his request for issuance of two subpoenas because there was no complaint pending before the court, but he has submitted a fourth amended complaint.  (Id. at 3.)

The court's October 11, 2023 screening order determined that the allegations against the San Joaquin General Hospital employees who participated in the Medical Malpractice Review Committee was not sufficient to state a cognizable claim.  (ECF No. 29 at 7-8.)  Therefore, the court will not grant plaintiff's request for discovery related to defendants who have been dismissed.  See Wakefield v. Thompson, 177 F.3d 1160, 1162 (9th Cir. 1999) ("[W]here the identity of the alleged defendant is not known prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." (quoting Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980))).  Because the defendants plaintiff seeks to identify through the subpoenas, the court will deny the request for subpoenas without prejudice.

### III. Conclusion

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for two subpoenas (ECF No. 28) is denied without prejudice.

Dated: October 12, 2023

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/R/davi0773.subp(2)