

1 Jonathan Lynn Davis C-56630
Mule Creek State Prison
2 P.O. Box 409060  C-13 247L
Ione, CA. 95640
3 Plaintiff In Pro Per



NOV 30 2023

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN LYNN DAVIS,<br>　　　　Plaintiff,<br><br>Vs.<br><br>DR. KANWAR KELLEY, MD.,<br>DR. MARIANNA ASHE, MD.,<br>INDIVIDUALLY, AND IN THEIR<br>OFFICIAL CAPACITIES,<br>　　　　Defendants. | 2:22-cv-00773-DB P<br><br>FIFTH AMENDED COMPLAINT<br><br>JUDGE: HONORABLE DEBORAH BARNES<br>FOURTH AMENDED COMPLAINT<br>FILED ON AUGUST 11, 2023<br>TRIAL DATE: NONE SET<br><br>CIVIL RIGHTS COMPLAINT<br>BY A PRISONER<br>JURY TRIAL DEMANDED |

## JURISDICTION

This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. Section 1343(a); and 42 U.S.C. Section 1983.

The United States District Court, For The Eastern District of California, is an appropriate venue under 28 U.S.C. Section 1391(b)(2) because this district is where the events giving rise to this action occurred.

Comes now the Plaintiff in the above-entitled action, who hereby submits this FIFTH AMENDED COMPLAINT. Plaintiff hereby provides the following background information:

On August 11, 2023, Plaintiff filed the FOURTH AMENDED COMPLAINT with leave of the Court. Contemporaneously, Plaintiff also filed a MOTION FOR RELIEF FROM POSSIBLE DEFAULT as to a late filing of the FOURTH AMENDED COMPLAINT due to Plaintiff's outgoing Legal Mail appearing to have been tampered with because the FOURTH AMENDED COMPLAINT did not arrive to the Court after being mailed through the Mule Creek State Prison Legal Mail system.

The only way that Plaintiff was made aware that the FOURTH AMENDED COMPLAINT did not arrive was the fact that the Court mentioned it when denying Plaintiff's request for subpoenas to uncover the identities of the John Doe defendants who are associated with this case.

As soon as Plaintiff learned that the FOURTH AMENDED COMPLAINT did not arrive, Plaintiff contacted the Court. Later, on October 10, 2023, the Court deemed the FOURTH AMENDED COMPLAINT timely filed.

Further, on October 10, 2023, the Court SCREENED the FOURTH AMENDED COMPLAINT and ruled that the FOURTH AMENDED COMPLAINT failed to state a claim for relief in regards to Plaintiff complaint against DR. KANWAR KELLEY, MD., and the Court gave Plaintiff the option to AMEND the Complaint or proceed solely against DR. MARIANNA ASHE, MD., and the Plaintiff hereby opts to AMEND the Complaint.

### CLAIM ONE

### SUPPORTING FACTS:

Plaintiff JONATHAN LYNN DAVIS, alleges that Defendant DR. KANWAR KELLEY, MD., Physician & Surgeon, VIOLATED PLAINTIFF'S EIGHTH AMENDMENT RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT AND THE RIGHT TO PROPER AND TIMELY MEDICAL CARE IN A PRISON SETTING, AND WAS DELIBERATELY INDIFFERENT TO PLAINTIFF'S SERIOUS MEDICAL NEED to be treated for a NASOPHARYNGEAL MASS, a serious medical condition.

Plaintiff is informed and believes, and thereon alleges that DR. KANWAR KELLEY, MD., P/S, did the following:

1. Intentionally placed Plaintiff in a situation of substantial risk of harm by

failing to, or refusing to, inform Plaintiff of the dangerousness of the procedure;

2. Failed to, or refused to, gain consent or implied consent to a surgical technique that was much more dangerous that the agreed upon procedure;

3. Informed Plaintiff that the removal of the NASOPHARYNGEAL MASS was relatively a safe and simple procedure, but instead, performed a radical resection of the mass and caused an irrepairable injury to Plaintiff that requires a "daily cleansing procedure 4 or 5 times per day and also powerful pain medication, for life."

4. DR. KANWAR KELLEY, MD., demonstrated a wanton disregard for Plaintiff's safety and overall health when DR. KELLEY went outside the parameters of the agreed upon procedure, and that wanton disregard placed Plaintiff in a situation of substantial risk of harm of a surgical disaster, and that disaster then occurred.

5. Defendant DR. KANWAR KELLEY, failed to, or refused to, take reasonable measures to abate the risk of serious injury, and had no "back-up plan" or other qualified physician on hand to rely on, and/or to assist with the difficult situation that DR. KELLEY himself, created.

6. Defendant DR. KELLEY, failed to, or refused to, inform Plaintiff of the serious risks involved, and Plaintiff alleges that had Plaintiff been made aware of these risks, Plaintiff would have opted out of the procedure altogether.

7. The procedure that DR. KELLEY performed was fraught with risks that Plaintiff was totally unaware of, and DR. KELLEY deprived Plaintiff of the option to consent or decline the procedure, by failing to inform Plaintiff of KELLEY'S change of plans while Plaintiff was unconscious in the Operating Theater.

8. Plaintiff underwent a surgical procedure with one problem and awoke with a far more serious issue than the one he had, and because DR. KELLEY refused to abate the risks involved, DR. KELLEY permanently injured the Plaintiff.

9. Plaintiff further is informed and believes, and thereon alleges, that DR. KANWAR KELLEY, MD., P/S, is a Trained and Licensed Physician and Surgeon, and as such, knew of, or should have known of, the inherent risks involved in such a procedure

that DR. KELLEY ultimately performed upon Plaintiff, yet Defendant DR. KELLEY made zero efforts to abate those risks, acted with a wanton disregard for Plaintiff's safety and serious medical needs, and then performed a dangerous version of the surgical procedure upon Plaintiff without informed or implied consent from the Plaintiff, and then performed a procedure "that was medically unacceptable under the circumstances" and as a result, Plaintiff sustained an irrepairable, life-long injury that requires not only daily care, but daily powerful pain medication as well, for life.

10. Plaintiff had a recent consultation with a different Ear-Nose-Throat [E-N-T] Physician/Specialist, who indeed, confirmed that the injury sustained by Plaintiff, is a permanent, life-long, irrepairable injury.

CLAIM TWO

SUPPORTING FACTS

Plaintiff JONATHAN LYNN DAVIS, alleges that Defendant DR. MARIANNA ASHE, MD., Physician & Surgeon, VIOLATED PLAINTIFF'S EIGHTH AMENDMENT RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT AND THE RIGHT TO PROPER AND TIMELY MEDICAL CARE IN A PRISON SETTING, AND WAS DELIBERATELY INDIFFERENT TO PLAINTIFF'S SERIOUS MEDICAL NEED to be treated for a NASOPHARYNGEAL MASS, AND CHRONIC AND SEVERE PAIN, a serious medical condition.

Plaintiff is informed and believes, and thereon alleges that DR. MARIANNA ASHE, MD., Physician & Surgeon [P/S] did the following and violated Plaintiff's rights after Plaintiff:

1. On October 26, 2020, Plaintiff filed a CDCR FORM 602 HC [Health Care] Grievance and complained that after DR. MARIANNA ASHE, MD., referred Plaintiff to Defendant DR. KANWAR KELLEY, MD., DR. KELLEY injured Plaintiff by conducting an unauthorized surgical procedure upon Plaintiff and caused a severe, life-long injury.

2. Plaintiff complained in the Grievance that Plaintiff was in pain and Plaintiff was requesting pain medication, and an x-ray and/or MRI to determine the extent of

1 the injury that DR. KELLEY caused to Plaintiff's septum during the surgery, performed
2 on August 17, 2020.
3 3. Plaintiff alleges that had DR. ASHE acted immediately upon Plaintiff's request
4 for pain medication and a second opinion/corrective surgery, the injury to Plaintiff
5 could have been treated differently.
6 4. Plaintiff alleges that by filing the CDCR Form 602 HC [Health Care Grievance] it
7 put DR. ASHE on notice that she could have or should have ordered an x-ray and/or an
8 MRI and that this "notice" complies with the ruling held in "BRAMMER" (Brammer v.
9 Yates, No.1:07-cv-01350 GBC (PC), 2011 WL 5873393, at *5 (E.D. Cal. Nov. 22, 2011);
10 See also Rich v. Stratton, No. 2:17-cv-00432 DB P, 2019 WL 2339533 at *5 (E.D. Cal.
11 June 3, 2019) (holding defendant's) "refusal to refer [plaintiff] for an x-ray or an
12 MRI does suggest deliberate indifference as it shows that they failed to act
13 despite knowledge of a substantial risk of harm."
14 5. Plaintiff put DR. MARIANNA ASHE on notice when Plaintiff filed the CDCR Form 602
15 HC [Health Care] Grievance and notated that Plaintiff was suffering nose bleeds,
16 severe pain in the surgical site, headaches, and a severely ruptured nasal septum.
17 6. Plaintiff alleges that DR. ASHE suspended Plaintiff's Grievance Interview citing
18 CDCR COVID-19 protocols, and then DR. ASHE failed to, or refused to, order an x-ray
19 or an MRI even though DR. ASHE was aware of Plaintiff's pain and Plaintiff's
20 condition, and Plaintiff's poor outcome from the septoplasty that DR. ASHE herself
21 had ordered for Plaintiff.
22 7. Plaintiff further alleges that DR. MARIANNA ASHE, MD., P/S could have ordered
23 the pain medication, could have examined Plaintiff as Plaintiff requested, and could
24 have ordered the x-ray and/or the MRI, and sent Plaintiff to see another E-N-T
25 [Ear-Nose-Throat Specialist] yet DR. ASHE suspended Plaintiff's Grievance Process,
26 and this "suspension" of this important processresulted in a two (2) month delay in
27 treatment for Plaintiff.
28

PRAYER FOR RELIEF

WHEREFORE, Plaintiff JONATHAN LYNN DAVIS respectfully prays that this Court enter judgement granting Plaintiff:

1. A declaration that the acts and omissions described herein violated Plaintiff's rights under the Constitution and laws of the United States;

2. Compensatory damages against each Defendant, jointly and severally, to be determined by the Jury;

3. Punitive damages against each Defendant, jointly and severally, to be determined by the Jury;

4. A Jury Trial on all issues triable by a Jury;

5. Plaintiff's costs in this Action;

6. Any and all additional relief that this Court deems just, proper, and equitable.

Dated: November 21, 2023

Respectfully submitted,

JONATHAN LYNN DAVIS
Plaintiff In Pro Per

VERIFICATION

I, JONATHAN LYNN DAVIS, Plaintiff In Pro Per, have read the foregoing Complaint and I hereby verify that the matters alleged herein are true, except as to matters alleged on my own information and belief, and as to those matters, I believe them to be true. I declare under the penalty of perjury under the laws of the State of California that this VERIFICATION is true and correct and that this VERIFICATION was executed on this 21st day of November, 2023, at Amador County, California.

JONATHAN LYNN DAVIS
Plaintiff In Pro Per

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

JONATHAN LYNN DAVIS,
          Plaintiff,

No. 2:22-cv-00773-DB P

Vs.

PROOF OF SERVICE

DR. KANWAR KELLEY, MD., et al.,
          Defendants./

I hereby certify that on __11-27-23__, I served a copy of the attached FIFTH AMENDED COMPLAINT CIVIL RIGHTS COMPLAINT

by placing a copy in a postage paid envelope addressed to the person(s) herein after listed, by depositing said envelope in the United States Mail at: MULE CREEK STATE PRISON P.O. BOX 409060 C-YARD MAILBOX, IONE, CA. 95640

NAME AND ADDRESS OF PERSON(S) SERVED:

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
501 "I" STREET SUITE 4-200
SACRAMENTO, CA. 95814-2322

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_Jonathan L. Davis_
JONATHAN LYNN DAVIS
Plaintiff In Pro Per