UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN DAVIS, | No. 2:22-cv-0773 DB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| KANWAR KELLEY, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. §1983. Before the court is plaintiff's fifth amended complaint for screening. For the reasons set forth below, this court finds plaintiff continues to state a minimally cognizable claim for relief against defendant Ashe but fails to state any other claims. Therefore, this court will recommend this case proceed solely on plaintiff's claim against Ashe and that all other claims and defendants be dismissed.

**BACKGROUND**

Plaintiff filed his original complaint on May 6, 2022. (ECF No. 1.) Plaintiff identified three defendants: Dr. Kanwar Kelley, Dr. M. Ashe, and San Joaquin Medical Hospital. Plaintiff alleged that in 2020 Dr. Kelley performed a surgery that resulted in a torn septum. When plaintiff complained, Dr. Ashe failed to take any action to correct the problem. This court found plaintiff stated no cognizable claims for relief under section 1983 and dismissed the complaint with leave

to amend. (ECF No. 6.) Plaintiff then filed a series of amended complaints. This court found plaintiff failed to state any claims for relief in his first and second amended complaints. (ECF Nos. 12, 14.)

Upon screening plaintiff's third amended complaint, this court found plaintiff stated a minimally sufficient Eighth Amendment claim against defendant Ashe. In addition, based on plaintiff's new allegations that defendant Kelley performed surgery with insufficient room to work, causing plaintiff to suffer a perforated septum, this court found plaintiff also stated a minimally sufficient Eighth Amendment claim against defendant Kelley. (ECF No. 18.) This court further found plaintiff stated no other plausible claims for relief. Plaintiff was given the option of proceeding on his third amended complaint as screened or filing an amended complaint. Plaintiff elected to file an amended complaint.

Plaintiff then filed a fourth amended complaint. This court again found plaintiff stated a minimally sufficient claim against Dr. Ashe. Plaintiff's allegations against Dr. Kelley were that Kelley performed a more invasive surgery than plaintiff had consented to and that surgery caused plaintiff irreparable damage. This court found that "where an inmate consents to surgery, but later argues that they did not consent to the surgery actually performed, [he] fails to show an Eighth Amendment violation." (ECF No. 29 at 7 (citations omitted).) Therefore, plaintiff did not state a claim against defendant Kelley. This court again gave plaintiff the option of proceeding on the fourth amended complaint as screened or filing an amended complaint.

Plaintiff again opted to file an amended complaint. In response, this court noted that plaintiff had multiple opportunities to state additional claims and had failed to do so. This court informed plaintiff that should the fifth amended complaint fail to state any additional cognizable claims, this court would recommend that those claims and/or defendants be dismissed without leave to amend. (ECF No. 32.)

**SCREENING**

As described in this court's prior screening orders, the court is required to screen complaints brought by prisoners to determine whether they sufficiently state claims under 42 U.S.C. § 1983. 28 U.S.C. § 1915A(a). The prisoner must plead an arguable legal and factual basis for each claim

1    in order to survive dismissal. Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). In
2    addition, the prisoner must demonstrate a link between the actions of each defendant and the
3    deprivation of his rights. Monell v. Dept. of Social Servs., 436 U.S. 658 (1978). "A person
4    'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he
5    does an affirmative act, participates in another's affirmative acts or omits to perform an act which
6    he is legally required to do that causes the deprivation of which complaint is made." Johnson v.
7    Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

8    In his fifth amended complaint, plaintiff identifies two defendants: Dr. Kanwar Kelley and
9    Dr. Marianna Ashe. (ECF No. 33.) While he has expanded on the allegations he made against
10   Dr. Kelley, they are essentially the same as the allegations plaintiff made in the fourth amended
11   complaint. Plaintiff contends Dr. Kelley performed a more extensive surgery than that plaintiff
12   had consented to. As a result of that surgery, plaintiff suffered irreparable injury. For the reasons
13   set forth in this court's prior screening order, plaintiff's additional allegations do not transform his
14   claim against Dr. Kelley into a cognizable Eighth Amendment claim. (See ECF No. 29 at 7.)

15   Plaintiff's allegations against Dr. Ashe are the same as previously stated and this court again
16   finds plaintiff states a minimally cognizable Eighth Amendment claim for relief against Dr. Ashe.

## CONCLUSION

18   For the reasons set forth above, this court finds plaintiff has stated one minimally cognizable
19   claim for relief – that Dr. Ashe violated plaintiff's Eighth Amendment rights when she failed to
20   take any action after plaintiff informed her of the pain he was suffering as a result of the surgery
21   performed by Dr. Kelley. Plaintiff states no other plausible claims for relief.

22   Plaintiff has had multiple opportunities to amend his complaint to state a claim against Dr.
23   Kelley. The essential facts of his claim – that Kelley performed a more invasive surgery than that
24   plaintiff consented to – do not state a potential claim that Kelley was deliberately indifferent to
25   plaintiff's serious medical needs in violation of the Eighth Amendment. This court finds that any
26   further opportunities to amend the complaint would be futile.

27   Accordingly, the Clerk of the Court is HEREBY ORDERED to randomly assign a district
28   judge to this case.

Further, IT IS RECOMMENDED that:

1. This case proceed solely on plaintiff's allegations in the fifth amended complaint that defendant Dr. Ashe violated his Eighth Amendment rights; and
2. All other claims and defendants be dismissed from this action without leave to amend.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 3, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB prisoner inbox/civil rights/S/davi0773.5AC scrn fr

4