UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN DAVIS, | No. 2:22-cv-0773 KJM SCR P |
| Plaintiff, | |
| v. | ORDER |
| KANWAR KELLEY, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 8 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 4, 2024, the then-assigned magistrate judge filed findings and recommendations, which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within thirty days. Plaintiff has filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, the court declines to adopt the findings and recommendations.

In the findings and recommendations, the magistrate judge recommends dismissing plaintiff's Eighth Amendment claim against Dr. Kelley for the reasons the magistrate judge set

1

forth in a prior screening order.  F. & R. at 3, ECF No. 34.  In the screening order, the magistrate judge found "plaintiff's allegation that he was not informed of the risks and did not consent to the surgical procedure performed by Dr. Kelley fails to state a cognizable Eighth Amendment claim." Screening Order at 7, ECF No. 29.  The magistrate judge notes "[c]ourts in this district have determined that where an inmate consents to surgery, but later argues that they did not consent to the surgery actually performed, fails to show an Eighth Amendment violation."  *Id.* (verbatim).

The court agrees that the lack of informed consent alone without more may not always sufficiently support an Eighth Amendment claim.  *See, e.g.*, *Martin v. Beck*, No. 12-0421, 2012 WL 4208303, at *3 (E.D. Cal. Sept. 19, 2012) (lack of consent supports at most negligence); *Jones v. Jaffe*, No. 11-2049, 2014 WL 6886841, at *11 & n.4 (E.D. Cal. Dec. 4, 2014) (collecting cases).  However, some courts have found that "[c]oerced medical treatment or treatment given without informed consent can, in some circumstances, constitute cruel and unusual punishment."  *Harris v. Est. of Duncan*, No. 07-806, 2009 WL 799643, at *6 (D. Or. Mar. 24, 2009), *aff'd*, 420 F. App'x 737 (9th Cir. 2011) (collecting authority).  Additionally, both cases the magistrate judge cited in support of dismissing the claim resolved motions for summary judgment—neither case considered whether a lack of informed consent could potentially state a claim for a violation of the Eighth Amendment.  *See McRae v. Dikran*, 16-1066, 2021 WL 1670067, at *8 (E.D. Cal. Apr. 28, 2021) (noting although material issues of fact remained as to "whether the procedure as actually performed on Plaintiff went beyond his consent," plaintiff could not overcome summary judgment because he could not show the defendant "acted with deliberate indifference"); *Lyons v. Traquina*, No. 06-2339, 2010 WL 3069336, at *10 (E.D. Cal. Aug. 4, 2010) (similarly finding despite issues related to consent, plaintiff "failed to demonstrate that there is a genuine issue of material fact tending to show" the defendant was "deliberately indifferent to plaintiff's serious medical needs").  These cases lack persuasive authority here.

Even if the court were to conclude the alleged lack of informed consent alone is insufficient to state a cognizable Eighth Amendment claim in this case, plaintiff has alleged more than lack of informed consent.  As plaintiff notes, Objs. at 2, ECF No. 35, the magistrate judge found the allegations in plaintiff's third amended complaint stated a potential Eighth Amendment

claim against Dr. Kelley, ECF No. 18, but the allegations in plaintiff's Fifth Amended Complaint did not state a cognizable Eighth amendment claim against Dr. Kelley, despite the additional allegations, *see* F. & R. at 3.  In his Fifth Amended Complaint, plaintiff alleges Dr. Kelley demonstrated a "wanton disregard for Plaintiff's safety and overall health" and placed plaintiff in "substantial risk of harm of surgical disaster" by going beyond the parameters of the agreed upon procedure to remove a nasopharyngeal mass.  FAC ¶ 4, ECF No. 33.  Although the procedure was supposed to be a "safe and simple procedure," Dr. Kelley "performed a radical resection of the mass and caused irrepairable [sic] injury," namely a perforated septum.  *Id.* ¶ 3.  Dr. Kelley did not "take reasonable measures to abate the risk of serious injury," *id.* ¶ 5, "performed a dangerous version" of the procedure "that was medically unacceptable under the circumstances," *id.* ¶ 9, and permanently injured plaintiff, *id.* ¶¶ 8–9.  Plaintiff's Fifth Amendment Complaint includes allegations that go beyond lack of informed consent.  Here, plaintiff's allegations as a whole are sufficient to state a plausible cognizable Eighth Amendment claim against Dr. Kelley.  *See Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) ("To show deliberate indifference, the plaintiff 'must show that the course of treatment the doctors chose was medically unacceptable under the circumstances' and that the defendants 'chose this course in conscious disregard of an excessive risk to the plaintiff's health.'" (citations omitted)).

        Accordingly, IT IS HEREBY ORDERED that:

        1. The court declines to adopt the findings and recommendations (ECF No. 34);

        2. This case shall proceed on plaintiff's allegations in the fifth amended complaint; and

        3. This matter is referred back to the assigned magistrate judge for all further pretrial proceedings consistent with this order.

DATED:  September 9, 2024.

CHIEF UNITED STATES DISTRICT JUDGE